**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0754n.06

No. 10-3402

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 09, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| PATRICK PUTTICK, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: NORRIS, SUTTON and GRIFFIN, Circuit Judges.

SUTTON, Circuit Judge. Patrick Puttick appeals a twenty-year sentence arising from a RICO-conspiracy conviction. We affirm.

I.

In June 2004, a federal jury convicted Puttick of a RICO conspiracy stemming from his activities in a gang called the Outlaw Motorcycle Club. *See* 18 U.S.C. § 1962(d). The same jury acquitted him of three other RICO and drug-distribution counts. The PSR attributed 144 kilograms of cocaine to Puttick, yielding an initial offense level of 36, and recommended a four-level enhancement for his role as a leader of criminal activity involving five or more participants, *see* U.S.S.G. § 3B1.1, for a total offense level of 40. The PSR recommended a criminal history category of II.

The district court adopted all of the PSR's recommendations, save one: It lowered Puttick's offense level to 39, applying just a three-level enhancement for his role in the criminal organization. Because the resulting guidelines range (292–365 months) exceeded the statutory maximum (240 months), *see* 18 U.S.C. § 1963(a), the district court sentenced Puttick to the statutory maximum. On appeal, we vacated the sentence and ordered resentencing because the district court had treated the sentencing guidelines as mandatory. *United States v. Puttick*, 288 F. App'x 242, 245 (6th Cir. 2008). At resentencing, Puttick received the same sentence as before, but we vacated the sentence because an equipment malfunction prevented transcription of the sentencing hearing. The district court once more imposed a twenty-year sentence, and Puttick once more appeals.

II.

Puttick argues that his sentence was procedurally and substantively unreasonable. His primary complaint is that the district court sentenced him on the basis of relevant conduct, namely his possession or distribution of 144 kilograms of cocaine, even though the jury acquitted him of several drug-conspiracy counts related to the same conduct. The problem for Puttick is that this court already has considered and rejected the same argument. A "district court's consideration of acquitted conduct in sentencing passes constitutional muster," we have held, so long as the court finds the conduct by a preponderance of the evidence. *United States v. White*, 551 F.3d 381, 386 (6th Cir. 2008) (en banc).

The record contains ample evidence to support the district court's finding that Puttick was responsible for possessing or distributing 144 kilograms of cocaine. The district court relied on the testimony of Tracy Tipton, the former girlfriend of Gary Hohn, one of Puttick's gang-related associates, concluding that "[Tipton's] testimony alone" provided "ample justification" for its finding. R.2169 at 25. Tipton testified that Hohn obtained between three and six kilograms of cocaine per month from Puttick during the four-to-five-year period in which Tipton lived with Hohn. That amounts to at least 144 kilograms of cocaine. Consistent with our decision in *White* and inconsistent with Puttick's arguments, a jury's decision to acquit Puttick of drug charges under a beyond-a-reasonable-doubt standard does not prevent a district court from finding that same conduct under a preponderance-of-the-evidence standard.

Puttick's other procedural-reasonableness arguments fare no better. He contends that the district court should not have applied a three-level upward adjustment based on his role as a manager in the conspiracy. Yet, as we recognized in his prior appeal, the government presented evidence that Puttick "was the boss of the Green Region of the [Outlaw Motorcycle Club]" and "had participated in making drug distribution policies for [the club]," 288 F. App'x at 244, which qualifies him for the three-level enhancement. *See United States v. Mitchell*, 295 F. App'x 799, 802 (6th Cir. 2008). Nor was Puttick entitled to a two-level reduction for acceptance of responsibility. He failed to object on this ground at sentencing, meaning we review it for plain error. *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc). No such error occurred. Puttick offers no explanation why he

deserves the reduction, given that he pled not guilty, went to trial and to this day denies that he committed the acts for which he was sentenced. *See* U.S.S.G. § 3E1.1 n.2.

To the extent Puttick raises a separate substantive-reasonableness argument, we reject it. The district court properly calculated the guidelines range and, after finding that the low end of the range exceeded the statutory maximum, permissibly sentenced Puttick to the statutory maximum. No error occurred.

III.

For these reasons, we affirm.